# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONALD J. TRUMP, in his capacity as a candidate for President of the United States, <br><br> *Plaintiff* <br><br> v. <br><br> BRIAN P. KEMP, in his official capacity as Governor of the State of Georgia; BRAD RAFFENSPERGER, in his official capacity as Georgia Secretary of State, <br><br> *Defendants.* | CIVIL ACTION FILE NO.: _____ |

## PLAINTIFF'S MOTION FOR EXPEDITED DECLARATORY AND INJUNCTIVE RELIEF AND FOR AN EXPEDITED HEARING ON THE MOTION FOR EXPEDITED DECLARATORY AND INJUNCTIVE RELIEF

Pursuant to Federal Rule of Civil Procedure 65(a) et seq. and as otherwise allowed by law, Plaintiff Donald J. Trump ("Plaintiff"), by his undersigned attorneys, respectfully moves the Court to set an expedited hearing on his motion (*hereinafter* the "Motion") and to enter an order issuing declaratory relief and granting a temporary restraining order, preliminary and permanent injunction against Defendants. In support, Plaintiff states as follows:

1.

Plaintiff incorporates the allegations set forth in his Verified Complaint for Emergency Injunctive and Declaratory Relief ("Complaint"), and evidence to be tendered at a hearing on this matter.[1]

2.

By ignoring the Georgia Legislature's express directions regarding the collection, handling, processing, canvassing, and counting of absentee ballots, and related activities and/or through improper certification of elections and/or electors and related activities by an through implementation of an unconstitutional settlement agreement, Defendants have violated the Georgia Election Code, and thereby also violated the Electors and Elections Clauses and have also violated the Due Process Clause of the United States Constitution.  Additionally, Defendants through their conduct threaten further violations of these legal and Constitutional provisions.

---

[1] All capitalized terms not defined herein shall have the meaning specified in Plaintiff's Complaint for Expedited Declaratory and Injunctive Relief Pursuant to Article II of the United States Constitution.

3.

By virtue of these violations and as described in the Complaint, the Defendants certified an unconstitutional and unlawful Presidential election in Georgia.

4.

Plaintiff has a reasonable likelihood of success on the merits of this case because he has in his Complaint set out a case sufficient to support his claims to sustain preliminary and final relief. Plaintiff intends to tender additional evidence at the hearing on this Motion.

5.

Plaintiff has standing as a candidate for President of the United States under the Electors Clause of the United States Constitution because he has been injured in fact by the violations described in the Complaint. *See, e.g., Carson v. Simon*, 978 F.3d 1051, 1057-59 (8th Cir. 2020).

6.

Plaintiff also satisfies the criteria for prudential standing. *Id.*

7.

By its plain terms, the Electors Clause vests the power to determine the "Manner" (capitalization in original, Art. II) of selecting electors exclusively in the "Legislature" of each state. *See McPherson v. Blecker*, 146 U.S. at 25; *Bush v. Gore*, 531 U.S. at 98.

8.

As described in the Complaint (¶¶ 6-48), by certifying an election conducted in violation of Georgia election law, including without limitation, counting illegally cast votes and corrupting the Election Code through an unconstitutional settlement agreement, the Defendants infringed the exclusive province of the Legislature under the Electors Clause.

9.

Defendants' conduct has caused and will cause Plaintiff irreparable harm. Defendants have undermined the constitutionally authorized process for appointing Electors and will continue to do so for the 2020 General Election, unless the relief requested in the Complaint is granted.

10.

The public interest weighs strongly in favor of an injunction. To allow an executive branch official to certify an election conducted in violation of the duly-enacted election laws of a state and through a void as against public policy Settlement Contract unconstitutionally arrogating power from the legislature, as they pertain to a presidential election, "is toxic to the concepts of the rule of law and fair elections." *Carson*, 978 F.3d at 1061.

11.

Plaintiff does not seek a remedy disenfranchising any lawful votes – i.e., votes that are not illegal cast and thereafter validly counted. Rather, he asks the Court to uphold the rule of law and the important separation of powers principles in the Georgia Constitution (executive v. legislature), which are fundamentally intended to protect all voters in the country, both those inside and outside Georgia, in elections for President and Vice President of the United States.

12.

As the Eighth Circuit recently held, [w]hile injunctive relief preserving the ability to effectuate [state] election law, as written by the Legislature, has some potential for administrative disruption and voter confusion, this die was cast long

ago. Voter confusion was inevitable once the [state official] issued guidance to voters that was directly in contradiction to [state] election law. An orderly process [is] hopelessly compromised when [a state official] usurp[s] the authority of the Legislature under the Electors Clause of the Constitution." *Carson*, 978 F.3d at 1061. These are not novel or antiquated concepts as the Supreme Court has repeatedly confirmed in the precedents identified in Plaintiff's Complaint, and as the Eighth Circuit most recently reaffirmed earlier this month.

13.

If Defendants are not enjoined from violating the Georgia Election Code, unlawful arrogation of power from the legislature, the Electors and Elections, and Due Process Clauses of the United States Constitution, Plaintiff (and the public) will suffer irreparable harm for which there is no adequate remedy at law as the votes of the certified electors will be counted.

14.

The threatened harm to Plaintiff outweighs any harm to Defendants if the preliminary injunction is granted. No party has an interest in illegally counted votes.

15.

In light of the limited time in which the Court has to address the Verified Complaint, Plaintiff requests a hearing on this Motion to take place within forty-eight (48) hours of the filing of this Motion or such other shortened time period which the Court determines to be reasonable under the circumstances and which will permit all parties an opportunity for appeals at all levels of the federal judicial system to be completed by January 6, 2021—the day Congress is set to convene in Joint Session to open and count electoral votes.

16.

Plaintiff requests that, following the hearing on this Motion, the Court grant the Motion and relief described in the Memorandum of Law in Support which is incorporated herein by reference, and enter an order Declaring:

a) That the Defendants violated the Electors Clause by certifying an election in which state and local election officials failed to abide by the direction of the Georgia Legislature in connection with the conduct of the 2020 Presidential Election in Georgia;

b) Declaring that the Defendants violated the Due Process Clause in connection with the "Manner" of the 2020 Presidential Election in Georgia including

the unlawful implementation of an unconstitutional settlement agreement that tended to and now has "corrupt[ed] legislation" (O.C.G.A. § 13-8-2 et seq.); and,

c) Declaring that Defendants' certification of the election cannot be deemed valid when the state courts have failed to afford Plaintiff his statutory right to challenge the results of the election and, as a result, Georgia "failed to make a choice [of electors] on the day prescribed by law," 3 U.S.C. § 2; and that electors may therefore "be appointed on a subsequent day in such a manner as the [Georgia] legislature ... may direct," 3 U.S.C. § 2, and the Georgia Legislature may avail itself of such remedies as provided by the U.S. Constitution; and

d) Declaring that the constitutional violations of the Defendants tainted and corrupted more than 11,779 ballots, a number in excess of the current estimated difference between the Georgia vote totals for the Republican and Democrat candidates for President of the United States.

17.

Plaintiff also requests that, following an expedited hearing on this motion, the Court enter an injunction directing Defendants to de-certify the certification of presidential electors entered on December 7, 2020, as contrary to Georgia law and therefore the Electors Clause of Article II, § 1, cl. 2 of the United States Constitution.

18.

Although the Verified Complaint and its incorporated exhibits attached thereto are evidence that must be considered by this Honorable Court, Plaintiff attaches and incorporates his Memorandum of Law in Support of his Motion, and such other evidence which may be adduced at the hearing or identified in any reply brief or subsequent pleading.

**WHEREFORE**, Plaintiff Donald J. Trump requests the Court set this matter for expedited hearing and requests a hearing on this Motion to take place within forty-eight (48) hours of the filing of this Motion or such other shortened time period which the Court determines to be reasonable under the circumstances and which will permit all parties an opportunity for appeals at all levels of the federal judicial system to be completed by January 6, 2021, and thereafter grant the relief set forth above, including without limitation, a temporary restraining order, preliminary injunction and permanent injunction, and grant all other relief which the Court deems just and proper.

Respectfully submitted, this 31th day of December, 2020.

> THE HILBERT LAW FIRM, LLC
>
> */s/ Kurt R. Hilbert (e-sig.)*
> KURT R. HILBERT
> Ga Bar No. 352877
> 205 Norcross Street
> Roswell, GA 30075
> T: (770) 551-9310
> F: (770) 551-9311
> E: khilbert@hilbertlaw.com
>
> Lead Counsel for President of the United States, as Candidate for President

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD J. TRUMP, in his capacity as a candidate for President of the United States,<br><br>*Plaintiff*<br><br>v.<br><br>BRIAN P. KEMP, in his official capacity as Governor of the State of Georgia; BRAD RAFFENSPERGER, in his official capacity as Georgia Secretary of State,<br><br>*Defendants.* | **CIVIL ACTION FILE NO.**<br>_____ |

**CERTIFICATION OF COMPLIANCE**

Pursuant to Northern District of Georgia Civil Local Rule 7.1D, the undersigned counsel certifies that this ***PLAINTIFF'S MOTION FOR EXPEDITED DECLARATORY AND INJUNCTIVE RELIEF AND FOR AN EXPEDITED HEARING ON THE MOTION FOR EXPEDITED DECLARATORY AND INJUNCTIVE RELIEF*** was prepared in Times New Roman, 14 point font, pursuant to Local Rule 5.1C.

This 31st day of December, 2020.

        **THE HILBERT LAW FIRM, LLC**

        */s/ Kurt R. Hilbert (e-sig.)*
        KURT R. HILBERT
        Ga Bar No. 352877
        205 Norcross Street
        Roswell, GA 30075
        T: (770) 551-9310
        F: (770) 551-9311
        E: khilbert@hilbertlaw.com

        Lead Counsel for President of the United States, as Candidate for President