# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONALD J. TRUMP, in his capacity as a candidate for President of the United States,<br><br>*Plaintiff*<br><br>v.<br><br>BRIAN P. KEMP, in his official capacity as Governor of the State of Georgia; BRAD RAFFENSPERGER, in his official capacity as Georgia Secretary of State,<br><br>*Defendants.* | CIVIL ACTION FILE NO.: _____ |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXPEDITED DECLARATORY AND INJUNCTIVE RELIEF AND FOR AN EXPEDITED HEARING ON THE MOTION FOR EXPEDITED DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, by and through undersigned counsel, hereby files his Memorandum of Law in Support of Motion for Expedited Declaratory and Injunctive Relief and for an Expedited Hearing on the Motion for Expedited Declaratory and Injunctive Relief, showing this Honorable Court as follows:

## I. Introduction

As the Eighth Circuit recently held, [w]hile injunctive relief preserving the ability to effectuate [state] election law, as written by the Legislature, has some potential for administrative disruption and voter confusion, this die was cast long ago. Voter confusion was inevitable once the [state official] issued guidance to voters that was directly in contradiction to [state] election law. An orderly process [is] hopelessly compromised when [a state official] usurp[s] the authority of the Legislature under the Electors Clause of the Constitution." *Carson*, 978 F.3d at 1061. If Defendants are not enjoined from further violating the Georgia Election Code, the unlawful arrogation of power from the legislature, the Electors and Elections, and Due Process Clauses of the United States Constitution, Plaintiff (and the public) will suffer further irreparable harm for which there is no adequate remedy at law. Plaintiff's Motion for preliminary and permanent injunctive relief should be granted.

## II. Legal Standard

### a. Standing

Plaintiff has standing as a candidate for President of the United States under the Electors Clause of the United States Constitution because he has been injured in fact by the violations described in the Complaint. *See, e.g., Carson v. Simon*, 978

F.3d 1051, 1057-59 (8th Cir. 2020). Plaintiff also satisfies the criteria for prudential standing. *Id.*

### b. Preliminary Injunction

Granting or denying a preliminary injunction is a decision within the discretion of the district court. *See Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002); *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000); *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001); *see also Schiavo ex. rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005).

This Court may grant a preliminary injunction only if Plaintiff demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4)

the injunction would not be adverse to the public interest. *See Palmer*, 287 F.3d at 1329; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *See Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).

"In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *See Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *See Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *See Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

Federal Rule of Civil Procedure 65 governs motions for a preliminary injunction. Section (d) of Rule 65 provides: "Every order granting an injunction ...binds only ... the parties to the action, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with anyone." *See* Fed. R. Civ. P. 65(d). *In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (stating that district court lacks subject-matter jurisdiction to issue preliminary or permanent injunction against nonparty).

The purpose of a preliminary injunction is to maintain the status quo until a court can enter its final decision on the merits of the case. *United States v. DBB, Inc.*, 180 F.3d 1277, 1282 (11th Cir. 1999); *see also Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (adopted by the Eleventh Circuit).

### III. ARGUMENT AND CITATION OF AUTHORITIES

Plaintiff, through his Verified Complaint which is incorporated herein by reference has established all four prongs of the test: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; and that (4) if issued,

the injunction would not be adverse to the public interest. *See Nken v. Holder,* 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987); *Four Seasons Hotels & Resorts, B. V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003); *New Georgia Project v. Raffensperger,* 976 F.3d 1278, 1280 (2020).

By ignoring the Georgia Legislature's express directions regarding the collection, handling, processing, canvassing, and counting of absentee ballots, and related activities and/or through improper certification of elections and/or electors and related activities by an through implementation of an unconstitutional settlement agreement, Defendants have violated the Georgia Election Code, and thereby also violated the Electors and Elections Clauses and have also violated the Due Process Clause of the United States Constitution.  Additionally, Defendants through their conduct threaten further violations of these legal and Constitutional provisions. Their actions have further violated 42 U.S.C. § 1983.

By virtue of these violations and as factually described in the Verified Complaint in ¶¶ 6-48, the Defendants certified an unconstitutional and unlawful Presidential election in Georgia.  By its plain terms, the Electors Clause vests the power to determine the "Manner" (capitalization in original) of selecting electors exclusively in the "Legislature" of each state. *See McPherson v. Blecker,* 146 U.S.

at 25; *Bush v. Gore*, 531 U.S. at 98. By certifying an election conducted in violation of Georgia election law, including without limitation, counting illegally cast votes and corrupting the Election Code through an unconstitutional settlement agreement, the Defendants infringed the exclusive province of the Legislature under the Electors Clause. Defendants' conduct has caused and will cause Plaintiff irreparable harm. (Complaint ¶ 60). Defendants have undermined the constitutionally authorized process for appointing Electors and will continue to do so for future elections, unless the relief requested in the Complaint is granted. The public interest weighs strongly in favor of an injunction. The precedent it would set to allow an executive branch official to certify an election conducted in violation of the duly-enacted election laws of a state and through a void as against public policy settlement agreement unconstitutionally arrogating power from the legislature, as they pertain to a presidential election "is toxic to the concepts of the rule of law and fair elections." *Carson*, 978 F.3d at 1061.

Plaintiff does not seek a remedy disenfranchising any lawful votes – i.e., votes that are not illegal cast and thereafter validly counted. Rather, he asks the Court to uphold the rule of law and the important separation of powers principles in the U.S. Constitution, which are fundamentally intended to protect all voters in the country,

both those inside and outside Georgia, in elections for President and Vice President of the United States.

### A. Plaintiff Has A Substantial Likelihood of Success on the Merits

Plaintiff has a substantial likelihood of success on the merits because the election held on November 3, 2020 did not comply with state law, and, therefore, substantively failed as provided in 3 U.S.C. § 2 and violated Article II and the Due Process Clause of the Constitution. The President's contest in the Superior Court of Fulton County, State of Georgia, incorporated *supra* by reference, alleges there are enough illegal votes sufficient to either change the outcome or to place the result of that election in doubt, as well as constitutional claims under equal protection and due process clauses of State Constitutions. Georgia's failure to afford Plaintiff his right to the election contest, as well as the violation of Georgia election laws by the state's election officials, means that the "manner" for choosing electors established by the Legislature was not followed under Article II and the election failed under 3 U.S.C. § 2. The President is therefore likely to succeed on the merits of his claim that Georgia has substantively "failed" to choose its electors in accord with the "manner" prescribed by the Legislature violating Due Process.

### B. Plaintiff Will Suffer Irreparable Injury

If the votes of the electors who have been certified contrary to Georgia law are permitted to be counted by the joint session of Congress on January 6, 2021, those electoral votes will benefit Plaintiff's opponent rather than Plaintiff, and depending on the result of still-pending election challenges in other states, may well prove outcome determinative in the election of the next President. That is an irreparable injury.

### C. The Issuance of an Injunction Will Not Substantially Injure Other Parties Interested in the Proceeding

The issuance of an injunction directing Defendants to de-certify electors chosen in violation of state law will not be a cognizable injury to other parties, because no party has a valid interest in illegal votes cast or illegally-certified electoral votes. All parties have an interest in ensuring an election which complies with Article II and Due Process when determining presidential electors and speed should not be a determinative factor. "The desire for speed is not a general excuse for ignoring equal protection guarantees." *Bush v. Gore,* 531 U.S. 98, 108 (2000) (*per curiam*). The threatened harm to Plaintiff outweighs any harm to Defendants if the preliminary injunction is granted, as there is no interest that Defendants may have that is greater than Plaintiff in certifying illegally counted votes.

### D. An Injunction is in The Public Interest and Not Violative of Public Policy

An injunction will allow the State Legislature to exercise its inherent authority under art. II, to decide upon a new manner for choosing electors when the State has "failed" to choose electors in the "manner" established by the Legislature. *See also,* 3 U.S.C. § 2. The state court's failure to even designate a judge to hear the state contest deprives the public of the ability to have access to critical information regarding the validity of the election conducted on November 3, 2020. Therefore, Plaintiff's request for an injunction directing Defendants to de-certify the election of electors should be granted.

### III.   Conclusion

Plaintiff has met his "burden of persuasion" and all four prongs necessary to grant a preliminary injunction because he has in his Verified Complaint set out a case sufficient to support his claims to sustain preliminary and final relief. Further, Plaintiff intends to tender additional evidence at the hearing on this Motion. Accordingly, Plaintiff's Motion should be **GRANTED**, a hearing set as requested in the Verified Complaint, and specifically, this Honorable Court should:

a) Identify and declare the constitutional violations that have occurred as described in the Complaint;

b) Declare that the 2020 Presidential Election in the State of Georgia is null and void;

c) Issue a positive injunction directing Defendants to de-certify the electors previously certified after an election held in violation of law;

d) Issue a positive injunction directing the Georgia Legislature to appoint the electors. *See Trump v. Wisconsin Elections Commission, et al.*, 20-3414 (December 24, 2020 7th Cir.)

**WHEREFORE**, Plaintiff Donald J. Trump requests the Court set this matter for expedited hearing and requests a hearing on this Motion to take place within forty-eight (48) hours of the filing of this Motion or such other shortened time period which the Court determines to be reasonable under the circumstances and which will permit all parties an opportunity for appeals at all levels of the federal judicial system to be completed by January 6, 2021, and thereafter grant the relief set forth above, and grant all other relief which the Court deems just and proper.

Respectfully submitted, this 31st day of December, 2020.

                          **THE HILBERT LAW FIRM, LLC**

                          */s/ Kurt R. Hilbert (e-sig.)*
                          KURT R. HILBERT
                          Ga Bar No. 352877
                          205 Norcross Street
                          Roswell, GA 30075
                          T: (770) 551-9310
                          F: (770) 551-9311
                          E: khilbert@hilbertlaw.com

                          Lead Counsel for President of the United States, as Candidate for President

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD J. TRUMP, in his capacity as a candidate for President of the United States,<br><br>*Plaintiff*<br><br>v.<br><br>BRIAN P. KEMP, in his official capacity as Governor of the State of Georgia; BRAD RAFFENSPERGER, in his official capacity as Georgia Secretary of State,<br><br>*Defendants.* | **CIVIL ACTION FILE NO.**<br>_____ |

## CERTIFICATION OF COMPLIANCE

Pursuant to Northern District of Georgia Civil Local Rule 7.1D, the undersigned counsel certifies that this *PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXPEDITED DECLARATORY AND INJUNCTIVE RELIEF AND FOR AN EXPEDITED HEARING ON THE MOTION FOR EXPEDITED DECLARATORY AND INJUNCTIVE RELIEF* was prepared in Times New Roman, 14 point font, pursuant to Local Rule 5.1C.

This 31st day of December, 2020.

**THE HILBERT LAW FIRM, LLC**

<u>*/s/ Kurt R. Hilbert (e-sig.)*</u>
KURT R. HILBERT
Ga Bar No. 352877
205 Norcross Street
Roswell, GA 30075
T: (770) 551-9310
F: (770) 551-9311
E: <u>khilbert@hilbertlaw.com</u>

Lead Counsel for President of the United States, as Candidate for President