# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONALD J. TRUMP, in his capacity as a candidate for President of the United States,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN P. KEMP, in his official capacity as Governor of the State of Georgia; BRAD RAFFENSPERGER, in his official capacity as Georgia Secretary of State,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 1:20-CV-5310-MHC |

## ORDER

On December 31, 2020, at 11:03 p.m., Plaintiff electronically filed a Verified Complaint for Injunctive and Declaratory Relief (the "Complaint") requesting that this Court grant an emergency injunction directing Defendants "to de-certify the election [results for President of the United States]." Compl. [Doc. 1] at 1-2. That same day, Plaintiff electronically filed a Motion for Expedited Declaratory and Injunctive Relief and for an Expedited Hearing (the "Motion") "to take place with forty-eight (48) hours of the filing of this Motion or such other

shortened time period which the Court determines to be reasonable under the circumstances and which will permit all parties an opportunity for appeals at all levels of the federal judicial system to be completed by January 6, 2021—the day Congress is set to convene in the Joint Session too open and court electoral votes." Pl.'s Mot. for Expedited Decl. & Inj. Relief [Doc. 2] at 7. Although Plaintiff's counsel could have requested through this Court's ECF filing system an immediate hearing over this past holiday weekend, and obtained a hearing before the duty district judge, counsel did not do so. Consequently, this Court was not informed of these filings until this morning at 9:38 a.m. when the case was assigned to the undersigned. There also is no indication that Defendants have been served with a copy of either the Complaint or the Motion. Additionally, it does not appear as though Plaintiff is seeking *ex parte* relief.[1]

---

[1] To obtain injunctive relief on an *ex parte* basis, Plaintiff's attorney must certify in writing any efforts made to give notice and the reasons why it should not be required. A court may issue a temporary restraining order without notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). "The stringent restrictions imposed by [Rule 65] on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."

2

Consequently, it is hereby **ORDERED** that Plaintiff serve Defendants with a copy of both the Complaint and the Motion *instanter*. The Court will also inform the office of the Attorney General of Georgia of the filing of the Complaint, the Motion, and this Order.

It is further **ORDERED** that Defendants file a response to the Motion no later than 9:00 p.m. this evening, January 4, 2021. It is further **ORDERED** that a hearing on the Motion shall be conducted by this Court by Zoom video conference on Tuesday, January 5, 2021, at 9:30 a.m. Further details concerning the logistics for participation in the Zoom video conference hearing shall be issued later today.

**IT IS SO ORDERED** this 4th day of January, 2021.

_/s/ Mark H. Cohen_
MARK H. COHEN
United States District Judge

---

Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty., 415 U.S. 423, 438-39 (1974).